**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1686**

DENG XIA LIAN,

Petitioner,

versus

ALBERTO R. GONZALES,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A77-927-732)

Submitted:  August 23, 2006          Decided:  October 24, 2006

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Frederic W. Schwartz, Jr., Washington, D.C., for Petitioner.  Peter
D. Keisler, Assistant Attorney General, M. Jocelyn Lopez-Wright,
Assistant Director, Eric W. Marsteller, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Deng Xia Lian, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding from removal and withholding under the Convention Against Torture. We deny the petition.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). An applicant has the burden of demonstrating her eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999).

To qualify for protection under the Convention Against Torture, a petitioner bears the burden of demonstrating that "it is

more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006).

A determination regarding eligibility for asylum or withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks omitted).

We find the evidence does not compel a different result. There is no significant evidence suggesting Lian faces persecution because of an imputed political opinion or religious belief.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED